UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY SWEARINGEN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-04-2058 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Larry Ray Swearingen, a Texas inmate incarcerated under a death sentence, recently filed a *pro se* Motion for Appointment of Counsel. (Docket Entry No. 51). Swearingen asks this Court to appoint counsel which will challenge those facts showing that he committed a capital murder. Swearingen, however, has not demonstrated present entitlement to the appointment of additional legal counsel.

This Court has already considered – and denied – Swearingen's initial habeas petition. The appeal from Swearingen's initial petition remains pending before the Fifth Circuit, and the attorneys this court previously appointed still represent him. This is the second motion that Swearingen has filed seeking the appointment of counsel during the pendency of his habeas appeal. As this Court has previously cautioned Swearingen, the Anti-Terrorism and Effect Death Penalty Act severely limits a state inmate's ability to file successive habeas petitions. *See* 28 U.S.C. § 2244(b); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). Federal law

likewise "does not justify appointment of counsel . . . for the preparation of a second federal habeas petition," *Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir. 2002), unless a petitioner makes an extraordinary showing. Even then, the Fifth Circuit has not authorized such appointment when an attorney already represents the inmate. *See In re Hearn*, 389 F.3d 122, 123 (5th Cir. 2004) (allowing the appointment of counsel for the filing of a successive habeas petition only when the petitioner "presently lacks §848(q)(4)(B) counsel") (on rehearing).

This Court has already appointed competent counsel to represent Swearingen "throughout every subsequent stage of available judicial proceedings, including . . . *all available* post-conviction process[.]" 21 U.S.C. § 848(q)(4)(B)(8) (emphasis added). Moreover, Swearingen makes no effort to show that he can comply with 28 U.S.C. § 2244(b)(2)'s demanding requirements for the presentation of a successive habeas petition. Accordingly, this Court **DENIES** Swearigen's motion for the appointment of counsel.

SIGNED at Houston, Texas, this 24th day of May, 2006.

_____
Melinda Harmon
United States District Judge